UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MCAUTHUR WHITE, JR.** | * | **CIVIL ACTION NO.  10-0620** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **LASALLE MANAGEMENT, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss [doc. # 6] filed by defendants, LaSalle Management Company, L.L.C., Warden Thompson, and Sheriff Mike Stone.  For reasons explained below, the undersigned finds that the court lacks subject matter jurisdiction to entertain this matter; thus, the case must be remanded to the 3rd Judicial District Court for the Parish of Lincoln, State of Louisiana.

## BACKGROUND

On March 12, 2010, McAuthur White, Jr., acting in proper person and in forma pauperis, filed the instant "Civil Suit," captioned "McAuthur White Jr. versus LaSalle Management, Sheriff Mike Stone, Warden Smith, Ass. Warden – Thomas, Staff/Officers of the Lincoln Parish Detention Center, and Lincoln Parish Policy Jury," in the 3rd Judicial District Court for the Parish of Lincoln, State of Louisiana.  (Complaint).  The suit challenges certain conditions of plaintiff's confinement at the Lincoln Parish Detention Center.  *Id*.  Specifically, plaintiff faults the facility rule that prohibits him from receiving narcotic medication to relieve his cancer pain.  *Id*.  He contends that his life has been endangered by the facility's failure to provide him medication for

his blood pressure, seizures, or stool relief. *Id*. He also alleges that he has been sleeping on the floor, and thereby could become contaminated with bugs. *Id*. He further contends that the jail breached the "doctor/client confidentiality law" by telling the doctor what medicine to prescribe. *Id*. Finally, plaintiff asserts that the doctor must have been incompetent for listening to a security officer. *Id*. As just compensation for these deprivations, plaintiff seeks an award for "pain and suffering, mental anxiety, past and present performance, cruel and unusualy [sic] punishment in the sum of two hundred thousand dollars." *Id*.

On April 15, 2010, defendants, LaSalle Management Company, L.L.C.; Warden Thompson (incorrectly referred to in the complaint as Warden "Thomas"); and Sheriff Mike Stone, removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 5). On August 12, 2010, defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to file a response to the motion within the applicable deadline; thus, the motion is deemed unopposed. *See* Notice of Motion Setting [doc. # 7].

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.* Plaintiff's failure to object to jurisdiction does not relieve defendants of their burden to support federal subject matter

jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

## LAW

The federal question statute confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983) (quoted source omitted).

The "characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all." *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366-367 (5th Cir. 1995). If the relief requested by plaintiff is available only under federal law, then it is clear that a federal right is an essential element of his cause of action, and he is not proceeding "on the exclusive basis of state law." *Medina v. Ramsey Steel*

---

[1] Removing defendants invoke federal subject matter jurisdiction solely on the basis of federal question. There are no allegations that the court may exercise subject matter jurisdiction via diversity, 28 U.S.C. § 1332.

3

*Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).  However, if a plaintiff has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal.  *Carpenter, supra*.  Indeed, the plaintiff may always choose *not* to plead federal claims in order to prevent removal, because in the end, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) (citations omitted).

It is axiomatic that federal courts exercise limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise.  *Id*.  As defendants have invoked federal jurisdiction, they bear the burden of demonstrating the existence of a federal question.  *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation omitted).

**ANALYSIS**

In their Notice of Removal, defendants emphasize that plaintiff "alleged that he was subjected to cruel and unusual punishment, denied medical care, denied access to the court, and to a law library, together with a myriad of other complaints, which rights are guaranteed to him by the Eighth amendment."  (Notice of Removal, ¶ 3).  The undersigned observes, however, that plaintiff's complaint makes no reference to lack of access to the courts or to a law library.  Plaintiff's complaint also does not reference any specific statutory authority.  Although plaintiff contends that defendants' conduct constitutes cruel and unusual punishment, he does not actually cite the Eighth Amendment.  Moreover, defendants fail to acknowledge that plaintiff's complaint just as easily implicates the Louisiana Constitution, which like the Eighth Amendment, proscribes "cruel, excessive, or unusual punishment."  LA. CONST., ART. I, § 20.  This provision

of the Louisiana Constitution accords at least the same level of protection as the Bill of Rights and the Fourteenth Amendment. *State v. Perry*, 610 So.2d 746, 750 (La. 1992). In addition, all of plaintiff's claims potentially are amenable to redress under Louisiana tort law. *See* LA. CIV. CODE ART. 2315.[2]

Where, as here, the allegations in a petition suffice to state a claim under either federal or state law, but the petition does not specify upon which law the claim is based, the petition is deemed ambiguous. *Lorenz v. Texas Workforce Com'n.*, 211 Fed. Appx. 242, 2006 WL 3102581 (5th Cir. Oct. 30, 2006) (unpubl.). Because ambiguities in the petition must be resolved in favor of remand,[3] the court necessarily finds that plaintiff's petition seeks relief under state law. *See Cole v. G.B. Cooley Hospital Service District*, Civil Action No. 09-1639 (W.D. La. July 13, 2010) (sua sponte remanding employment discrimination case because complaint did not expressly invoke federal anti-discrimination laws).

Of course, a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). However, having construed plaintiff's otherwise ambiguous complaint as asserting

---

[2] To the extent that plaintiff seeks relief for his physician's alleged breach of his confidentiality obligations, the court observes that the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), 42 U.S.C. § 1320d, *et seq.*, does not provide a private cause of action, and does not confer federal subject matter jurisdiction. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *Bigelow v. Sherlock*, 2005 WL 283359 (E. D. La. Feb. 4, 2005) (state law claims premised upon violation of HIPAA did not support removal).

[3] *Lorenz, supra* (citations omitted).

claims solely under the state constitution and civil code, it is not apparent that it is necessary to resolve any substantial, disputed question of federal law. Defendants' conclusory assertion to the contrary, see Notice of Removal, ¶ 5, does not begin to establish that plaintiff's state law claims raise a significant federal issue sufficient to confer federal question jurisdiction. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008); see also *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted) (more than a federal element is required to open the 'arising under' door").[4]

## CONCLUSION

For the reasons explained, the court finds that plaintiff's petition does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).[5] By separate judgment, the court shall effect remand to the Third Judicial District Court for the Parish of Lincoln, State of Louisiana.

Having determined that this court lacks subject matter jurisdiction to entertain the case, the court cannot reach the merits of plaintiff's claims.[6] Thus, the pending motion to dismiss

---

[4] Defendants contend that the court may exercise supplemental jurisdiction over plaintiff's state law claims. (Notice of Removal, ¶ 5). Supplemental jurisdiction, however, presupposes at least one claim that confers original subject matter jurisdiction – a prerequisite that is absent here. *See* 28 U.S.C. § 1367 and discussion, *infra*.

[5] If, at a later date, plaintiff should make it "unequivocally clear and certain" through "service or otherwise, of a copy of an amended pleading, motion, or order or other paper," that he is stating a claim for relief arising under federal law, then defendants could seek to remove the action, at that time. *See*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (discussing removal under second paragraph of 28 U.S.C. § 1446(b)).

[6] "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd., supra*

[doc. # 6] shall be carried with the case and deferred to the sound discretion of the state court.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 4th day November 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

(citation and internal quotation marks omitted).